UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 DANTE BARNES,

    Defendant.

Case No. 16-20308
Honorable Laurie J. Michelson

**ORDER ON MOTION FOR RELEASE FROM CUSTODY
UNDER CARES ACT [73]**

Because of the ongoing coronavirus pandemic, the Court received a letter from Defendant Dante Barnes' mother seeking his immediate release from prison. (ECF No. 73.) The Court asked the Government to respond, which it did. (ECF No. 77.) At this time, a hearing is not warranted. *See* E.D. Mich. LR 7.1(f). The request will be denied without prejudice.

**I.**

When Dante Barnes was 21 years old, he befriended a minor female he knew was under 18 years of age. (ECF No. 48, PageID.153) For a period of about two months, he transported her to commercial sex dates and shared in the proceeds from these encounters. (ECF No. 48, PageID.153–154.) He also used his cell phone to post commercial sex dates for her online. (ECF No. 48, PageID.154.) Barnes pleaded guilty to conspiracy to engage in sex trafficking of a minor in violation of 18 U.S.C. § 1594(c). (ECF No. 48.) He was sentenced to 96 months' imprisonment on March 20, 2018. (ECF No. 72.) The Court recommended in the judgment that Barnes be placed in a residential reentry center for the last six months of his sentence. (*Id.*) Barnes has completed a residential drug treatment program (ECF No. 77, PageID.342) and is projected to be released in

about eight months, on January 31, 2021, *see* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited May 21, 2020).

Barnes is presently confined at the Elkton Federal Correctional Center in Ohio, which has one of the worst coronavirus outbreaks in the federal prison system. The Governor of Ohio has authorized the National Guard to assist in addressing the health crisis developing there. https://bit.ly/2XzMlnl (April 6, 2020). And in connection with a class action lawsuit brought by a number of inmates, District Judge James S. Gwin recently entered a preliminary injunction directing Elkton's warden and the Director of the Federal Bureau of Prisons to (1) evaluate certain inmates' eligibility for transfer out of Elkton by any means within two weeks; (2) transfer those deemed ineligible for compassionate release to other facilities utilizing certain measures to contain transmission of COVID-19; and (3) allow those transferred from Elkton to return only after certain conditions were met. *Wilson v. Williams*, No. 20-00794, 2020 U.S. Dist. LEXIS 70674 (N.D. Ohio, Apr. 22, 2020). Unfortunately, "[t]he number of infections and deaths has continued to rise since the . . . issuance of th[is] injunction. The BOP website now reports confirmed cases of COVID-19 for 105 inmates and 49 staff. Eight low-security inmates have died." *Wilson v. Williams*, No. 20-00794, 2020 U.S. Dist. LEXIS 81445, at *6 (N.D. Ohio May 8, 2020).[1]

Against this backdrop, Barnes' mother sent a letter to this Court advising that Barnes suffers from an upper respiratory infection that makes him vulnerable to coronavirus. (ECF No. 73, PageID.336). She requests that, in light of the growing cases of COVID-19 at the prison, Barnes "be considered for immediate release as stated in the Federal CARES act." (*Id.*) The Government opposes the request. (ECF No. 77.)

---

[1] Judge Gwin entered a follow-up order on May 19, 2020, directing the facility to take further action in connection with the injunction. *Wilson v. Williams*, No. 20-00794, 2020 U.S. Dist. LEXIS 87607 (N.D. Ohio, May 19, 2020).

## II.

While the Court is not unsympathetic to Barnes' current situation, there are a number of hurdles that preclude the Court from granting the requested relief at this time.

First, the motion was not brought by Barnes and he cannot be represented by his non-lawyer mother. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Zanecki v. Health Alliance Plan*, 576 F. App'x 594 (6th Cir. 2014) (stating that a "nonlawyer can't handle a case on behalf of anyone except himself" (citation omitted)).

Second, the relief requested is that Barnes be considered for immediate release under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. As the Government explains in its response, in normal circumstances, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons (BOP) has the authority, toward the end of a defendant's sentence, "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." But now, under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020). Under guidance from the Attorney General, "[t]he BOP began reviewing all inmates who have COVID-19 risk factors, starting with inmates incarcerated at prisons that have experienced COVID-19 cases (FCI-Oakdale, FCI-Danbury, *FCI-Elkton*) and similarly-situated facilities to determine which inmates are suitable candidates for home confinement." *United States v. Flenory*, No. 05-80955, 2020 U.S. Dist. LEXIS 78602, at *9 (E.D. Mich. May 5, 2020) (emphasis added).

But "[t]he CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v. Coker*, No. 14-CR-085, 2020 U.S. Dist. LEXIS 66286, at \*5 (E.D. Ky. Apr. 15, 2020); *see also United States v. James*, No. 15-255, 2020 U.S. Dist. LEXIS 69973, at \*5 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP—not the courts—who decides whether home detention is appropriate. . . .'" (citations omitted)). Thus, this Court does not have the authority to order Barnes released to home confinement under the CARES Act. *See Coker*, U.S. Dist. LEXIS 66286, at \*5; *James*, 2020 U.S. Dist. LEXIS 69973, at \*5.

Aside from the CARES Act, there is another possible avenue for defendants called "compassionate release." Under a different portion of the First Step Act, the Court has the authority to reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Act further provides that the Court may grant this so-called "compassionate release" upon (1) a motion by the BOP or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Government argues that this alternate path to relief is also closed because Barnes has not exhausted his administrative remedies, which the Government says is mandatory and not waivable. (ECF No. 77, PageID.350–353.) The relief, says the Government, is also unwarranted on the merits: Barnes has not and cannot demonstrate an extraordinary and compelling reason for

4

release, he is a danger to the community, and the § 3553(a) factors do not weigh in favor of early release. (ECF No. 77, PageID.354–359.)

The Court agrees only that the letter from Barnes' mother does not establish a basis for compassionate release. Irrespective of exhaustion, which may or may not be an impediment in this case, *see Flenory*, 2020 U.S. Dist. LEXIS 78602, at *11–14; *United States v. Atwi*, No. 18-20607, 2020 WL 1910152, at *3 (E.D. Mich. Apr. 20, 2020), the letter's bare reference to Barnes' "upper respiratory infection" does not, by itself, establish an extraordinary and compelling reason or provide sufficient information as to his risk of suffering severe consequences from COVID-19. This is especially true in light of the medical records provided by the Government which seem to indicate that Barnes has not complained of or sought treatment for any respiratory problems. (ECF No. 77, PageID.346.) While Barnes does have a history of asthma, he is only 26 years old and his medical records indicate that he is in relatively good health and has completed a number of fitness classes. The letter from Barnes' mother also does not make any mention of the § 3553(a) factors, including consideration of any danger Barnes might pose to the public.

Lastly, the Court ends where it started: Barnes may have a basis for early release, but the record is not adequately developed. Barnes is presently incarcerated in a facility with a significant coronavirus outbreak. It is unclear whether he is subject to any of the protections of the recently entered preliminary injunction against the facility. He is scheduled to be released from prison in January. But it is equally unclear if the BOP is evaluating or considering him for early release to home confinement or a residential reentry center—under either this Court's recommendation in the Judgment, the First Step Act, or the CARES Act.[2] And the Court appreciates that the United

---

[2] There is a reference, however, in the medical records provided by the Government, to a recommended RRC placement date of June 3, 2020.

5

States Attorney's Office does not have a role in that process. (ECF No. 77, PageID.348.) Thus, the Court will appoint the Federal Community Defender's Office to evaluate Barnes' situation and determine whether any further action should be taken on his behalf.

### III.

For the reasons stated, Barnes' mother's request for his immediate release from prison is DENIED.

It is further ordered that the Federal Community Defender's Office is appointed to determine whether any further action is warranted on Barnes' behalf.

SO ORDERED.

Dated: May 26, 2020

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 26, 2020.

                                                  s/Erica Karhoff
                                                  Case Manager to the
                                                  Honorable Laurie J. Michelson